**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

HERMAN CRUZ,

         Plaintiff,

 - v -                Civ. No. 9:08-CV-591
                      (LEK/RFT)

LOUISE TICHENOR, *Nurse Practitioner, Upstate Correctional Facility*; NURSE WALSH, *Upstate Correctional Facility*,

         Defendants.

**APPEARANCES:**           **OF COUNSEL:**

HERMAN CRUZ
86-C-0468
Plaintiff, *Pro se*
Upstate Correctional Facility
P.O. Box 2001
309 Bare Hill Road
Malone, New York 12953

HON. ANDREW M. CUOMO        D. HARRIS DAGUE, ESQ.
Attorney General of the State of New York   Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

  *Pro se* Plaintiff Herman Cruz filed a Complaint, and later an Amended Complaint, alleging the Defendants violated his civil rights. Dkt. Nos. 1, Compl., & 7, Am. Compl.[1] After service on

---

[1] The Amended Complaint was filed in response to an Order issued by the Honorable Lawrence E. Kahn, Senior United States District Judge, wherein it was determined that Plaintiff's original Complaint failed to satisfy the basic pleading requirements of Federal Rules of Civil Procedure 8 and 10. Dkt. No. 5.

the Defendants was finally completed, the Defendants filed their Answers (Dkt. Nos. 25 & 28) and the Court issued a Mandatory Pretrial Discovery and Scheduling Order (Dkt. No. 29). Within the Court's Scheduling Order, permission was granted, pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), for Defendants to take Plaintiff's deposition. Dkt. No. 29 at p. 3. That Order also contained the following admonition:

> **PLAINTIFF(S) SHALL TAKE NOTICE that** disagreement with any directive of security staff at the correctional facility at which the deposition is scheduled is not a ground on which Plaintiff(s) may refuse to answer appropriate questions. The failure of the Plaintiff(s) to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37. Objections made in good faith in accordance with governing rules are not prohibited.

*Id.* (emphasis in original).

Following the issuance of that Scheduling Order, the Honorable Norman A. Mordue, Chief United States District Judge, referred this case to the undersigned for purposes of all non-dispositive matters, and to handle any dispositive matters upon report and recommendation.[2] Dkt. No. 30.

By July 2009, despite Plaintiff's earlier protestations, it appeared that this matter was moving swiftly through the discovery phase. This Court received no word from Plaintiff that he had any disputes with the manner of the discovery exchange, and the Defendants appeared to be following this District's mandatory disclosure provisions set forth in the Court's Discovery Order. *See*, *e.g.*, Dkt. No. 35, Defs.' Notice of Compliance with Mandatory Discovery. On July 7, 2009, Defendants requested, and were subsequently granted, a brief extension of the discovery deadline for the sole purpose of deposing Plaintiff. Dkt. Nos. 36 & 37. Thereafter, on July 13, 2009, Defendants'

---

[2] It was at that moment when Cruz, without hesitation, invoked harsh language and racial slurs to express his distaste for the undersigned and his displeasure with the referral. *See* Dkt. No. 31 (Order denying Plaintiff's letter, which was construed as a request for recusal). It was Mr. Cruz's stated belief that the undersigned treated him unfairly in a discovery dispute in another matter and, so, apparently believing he would not get a fair hearing in the current matter, he adamantly revealed his displeasure with the reassignment.

counsel sent Plaintiff a formal Notice of Deposition, setting the deposition for August 7, 2009, at Upstate Correctional Facility. Dkt. No. 40-3, C. Harris Dague, Esq., Decl., dated Aug. 11, 2009, at ¶ 5 & Ex. B. On July 20, 2009, the Clerk docketed a letter from Plaintiff, dated July 17, 2009, which was directed to Judge Kahn's attention. Dkt. No. 38. In addition to spewing racial animus toward the undersigned and solely because of his displeasure with this Court, Cruz proclaimed his stated intent that he would not participate in his deposition. *Id*. In response to this Letter, the undersigned issued an Order, dated July 21, 2009, directing Plaintiff to participate in his deposition or else face sanctions, which could include dismissal. Dkt. No. 39. Within that Order, we noted that

> Plaintiff . . . must participate in good faith at his deposition. Under Federal Rule of Civil Procedure 30, the Defendants have an absolute right to take his deposition. His failure to participate would result in prejudicing Defendants' ability to defend against his claims. We reiterate that Cruz's failure to participate in this deposition is grounds for sanctions under Federal Rule of Civil Procedure 37, which may include costs incurred by Defendants, attorney fees, as well as dismissal of this action.

*Id*. at p. 2.

Copies of the relevant Federal Rules were directed to be served on Plaintiff. *Id*.

Apparently the noticed deposition went exactly as Plaintiff forebode. Defendants' counsel arrived at Upstate for the scheduled deposition, but Mr. Cruz refused to exit his cell and allow the facility staff to bring him to the deposition. Hague Decl. at ¶ 14. On August 11, 2009, Defendants filed a Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 37, due to Plaintiff's failure to participate in his deposition. Dkt. No. 40.

When no opposition to the Motion was received from Plaintiff, this Court issued an Order wherein we *sua sponte* extended his time to respond and specifically warned him of the consequences of his failure to defend his actions. Dkt. No. 41. Within that Order we stated the following:

> Plaintiff is warned that failure to respond may, if appropriate, result in the granting of Defendants' Motion, in which there will be no trial. *See* N.D.N.Y.L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as required by this Rule shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown.").

*Id.* at pp. 1-2.

Rather than serve and file any opposition to the Motion, but purportedly in response to our Order, Mr. Cruz submitted an appallingly crude letter.[3]

Based upon the above history, and his most recent acerbic proclamations, it is quite evident to this Court that Mr. Cruz does not intend to defend against the pending Motion nor prosecute this matter.

Federal Rule of Civil Procedure 37(b)(1) states, "[i]f the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court." Rule 37 further authorizes an array of sanctions to be imposed when a party fails to comply with a court order. FED. R. CIV. P. 37(b)(2); *see also* N.D.N.Y.L.R. 1.1(d) ("Failure of . . . a party to comply with any provision of these Rules, General Orders of this District, Orders of the Court, or the Federal Rules of Civil or Criminal Procedure shall be a ground for imposition of sanctions."). Included as a sanction in Rule 37(b)(2) is the remedy of dismissal against the disobedient party. FED. R. CIV. P. 37(b)(2)(A)(v). Sanctions are also available, upon motion, for a party's failure to attend his own deposition. FED. R. CIV. P. 37(d)(1).

Similarly, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil

---

[3] Within the letter, Cruz vitriolically expressed his scathing disdain and lack of regard for the undersigned, all of which could lead to a contempt order.

Procedure] or a court order[.]" FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also* N.D.N.Y.L.R. 41.2. "This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases." *Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (citing *Rodriguez v. Walsh*, 1194 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994)); *see also Dodson v. Runyon*, 957 F. Supp. 465, 469 (S.D.N.Y.), *aff'd without opinion*, 152 F.3d 917 (2d Cir. 1998), (citing *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 148, 485 (2d Cir. 1994)). Given the harsh nature of Rule 41(b) dismissals, such dismissals are "appropriate only in extreme circumstances." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (quoted in *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998)). Further, a court must be cognizant of the special latitude to be given to a *pro se* litigant. *Webb v. Bermudez*, 1996 WL 599673, at *1 (S.D.N.Y. Oct. 17, 1996) (citing *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986) for the proposition that "dismissal against *pro se* litigants should be granted only when they deliberately frustrate the process, not when they do so through a misunderstanding.").

In considering whether dismissal is the proper action herein, we must consider the following: (1) the duration of Plaintiff's failure to comply with Court Orders; (2) whether Plaintiff was on notice that failure to comply would result in dismissal; (3) whether the Defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the Court's interest in managing its docket with the Plaintiff's interest in receiving a fair chance to be heard; and (5) whether the Court has adequately considered a sanction less drastic than dismissal. *See Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *Pert v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993). Generally, no factor alone is dispositive. *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d at 485.

After reviewing Defendants' Motion, we find that Plaintiff has, on several occasions,

exhibited his obstinate and unrepentant unwillingness to participate in this litigation. On at least two occasions, this Court has directed Plaintiff to participate in his deposition, yet Plaintiff decidedly disobeyed such Orders. Not only have Plaintiff's actions caused delays in this case, but have also compelled Defendants to incur considerable costs in arranging for and traveling hundreds of miles from their attorney's work base to the deposition. We can confidently state that no reasonable person could read Plaintiff's words or interpret his actions as exhibiting a mere misunderstanding of the law or process. He has intentionally and blatantly disregarded his obligation to prosecute this action in a diligent manner. His conduct toward this Court and his adversary is nothing short of reprehensible. Such behavior cannot be countenanced. Just as our dictates and admonitions have fallen on deaf ears, so too would imposing less drastic sanctions. Defendants cannot be expected to combat Plaintiff's charges without the benefit of having his testimony recorded before trial and we will not direct Defendants to incur any more unnecessary costs associated with an action Plaintiff so clearly has no desire to litigate. Until now, this Court has been extremely tolerant of Plaintiff's scathing remarks and have provided him with every benefit of direction and admonitions, but to no avail. Given Plaintiff's deliberate behavior and inattention to this Court's Orders, we are left with only one suitable sanction, dismissal. *See Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986) (dismissal against *pro se* litigants should be granted only when they deliberately frustrate the process, not when they do so through a misunderstanding).

**WHEREFORE**, after due deliberation and for the reasons stated above, it is

**RECOMMENDED**, that Defendants' Motion to Dismiss pursuant to FED. R. CIV. P. 37(b) (Dkt. No. 40) be **granted** and this action be **dismissed**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and

Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   November 10, 2009
        Albany, New York

_____
RANDOLPH E. TREECE
United States Magistrate Judge